UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ronald Curtis Crider, | ) | Civil Action No.: 4:13-cv-00489-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

   This matter is before the Court on Plaintiff's motion [ECF #36] for attorney fees under 42

U.S.C. § 406(b)(1).  Plaintiff's counsel requests an attorney fee award of $49,296.00, which

represents 25% of the past due benefits for Plaintiff.  Plaintiff's counsel previously received an

attorney fee award under the  Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, in the

amount of $5,500.00.  Plaintiff's counsel agrees that any attorney fees awarded under § 406(b)(1)

are subject to offset by a previous EAJA attorney fee award and the lesser of the two amounts must

be refunded to the plaintiff.

   Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment

favorable to a claimant . . . who was represented before the court by an attorney, the court may

determine and allow as part of its judgment a reasonable fee for such representation, not in excess of

25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such

judgment." 42 U.S.C. § 406(b)(1)(A).  In *Gisbrecht v. Barnhart*, the Supreme Court held that §

406(b) sets a statutory ceiling for attorney fees in social security cases of 25 percent of past-due

benefits and calls for court review of contingency fee agreements to assure that the agreement yields

reasonable results in particular cases. 535 U.S. 789, 807 (2002).  Contingency fee agreements are

unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807.  When the contingency fee agreement and requested fee do not exceed 25 percent of the past-due benefits, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.  Even where the requested fee does not exceed 25 percent of past-due benefits, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the 'character of the representation and the results ...achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case'" (i.e., the "windfall" factor). *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

In considering whether plaintiff's counsel would receive a "windfall" from the contingency fee agreement, the Court is mindful of the fact that "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation." *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 245 (4th Cir. 2010).  As the district court noted in *Wilson v. Astrue*,

> there are occasions in the practice of representing claimants where a 25 percent contingent fee agreement is reached between the claimant and counsel, but no fee is awarded because of the result achieved in the case. Thus, adherence to the 25 percent contingent fee allowed by statute in a successful case such as this one recognizes the realities facing practitioners representing social security claimants and sustains those practitioners so as to allow them to continue to make their services available to other claimants.

622 F. Supp. 2d 132, 136-37 (D.Del. 2008); *see also Gisbrecht*, 535 U.S. at 804 (recognizing that "the marketplace for Social Security representation operates largely on a contingency fee basis").

Defendant does not dispute Plaintiff's counsel's entitlement to an attorney fee but argues

2

that the requested amount of $49,296.00 should be reduced to some extent.  Defendant argues that considering the 41.1 hours of attorney time spent in this case, the requested fee of $49,296.00 represents an hourly rate of $1,199.00, and constitutes an impermissible windfall.  Defendant suggests an appropriate fee award would be $41,100, which represents an effective hourly rate of $1,000.00 per hour.  This Court agrees.

Plaintiff and Plaintiff's counsel entered into a contingency fee agreement dated February 27, 2013, which provided that if the Social Security Administration favorably decides Plaintiff's claims after an initial denial and successful appeal, Plaintiff agrees to pay counsel "twenty-five percent (25%) of all past due benefits awarded in my case." [ECF# 36-4].  Plaintiff's counsel obtained a successful result for Plaintiff and obtained in excess of $190,000.00 in past-due benefits for her client.  There is no indication that counsel caused any unusual delays in the case.  Defendant did not object to the Magistrate Judge's Report and Recommendation, which recommended that the Commissioner's decision be reversed and the case remanded.  The appeal to district court was not particularly complex or novel as the issues presented are fairly common appellate issues in social security cases. Plaintiff's counsel has a specialized social security practice and regularly appears before this Court on social security appeals.  Plaintiff's counsel achieved an excellent result for her client and provided thorough and adequate representation.

However, considering the relatively small amount of time spent on the case and the lack of novel or complex issues, the Court finds that Plaintiff's counsel's requested fee of $49,296.00 should be reduced to avoid an impermissible windfall.  The Court finds that Plaintiff's counsel's requested fee should be reduced to $41,100, which represents a generous effective hourly rate of $1,000.00.  In light of counsel's specialized skill in social security disability cases and the result

3

achieved in this case, an attorney fee award of $41,100.00 with an effective hourly rate of $1,000.00 is reasonable and does not amount to a windfall.  The Court notes that other district courts within the Fourth Circuit have approved contingency fee agreements that produce similar hourly rate ranges in successful social security appeals. *See, e.g. Duvall v. Colvin*, Civil Action No. 5:11-577-RMG, 2013 WL 5506081, at *1 (D.S.C. Sept. 30, 2013) (finding contingency fee agreement that produced an effective hourly rate of $972.00 to be reasonable); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (approving contingency fee agreement with resulting hourly rate of $977.00); *Melvin v. Colvin*, No. 5:10-cv-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with resulting hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 22 829, 833 (S.D.W.Va. 2003) (approving contingency fee agreement with resulting hourly rate of $1,433.12).

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion [ECF #36] for attorney fees under 42 U.S.C. § 406(b)(1), as modified herein, in the amount of $41,100.00.  Plaintiff's counsel must refund her EAJA fee award of $5,500.00 to the Plaintiff.[1]

**IT IS SO ORDERED**.

July 26, 2016                                              s/ R. Bryan Harwell
Florence, South Carolina                        R. Bryan Harwell
                                                                United States District Judge

---

[1]      Plaintiff's counsel was previously awarded a lesser amount of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [ECF# 35]. "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). Accordingly, Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fees immediately after she receives the payment of the § 406(b) fees.

4